IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 21 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01156-BNB

(The above civil action number must appear on all future papers sent to the Court in this action. Failure to include this number may result in a delay in the consideration of your claims.)

RICHARD MARTINEZ, a/k/a RALPH MARTINEZ,

   Applicant,

v.

PAROLE DEPT. – PAROLE OFFICER WENDY KENDELL,

   Respondent.

---

ORDER DIRECTING APPLICANT TO FILE SECOND AMENDED APPLICATION

---

Plaintiff Richard Martinez is a prisoner in the custody of the Colorado Department of Corrections (DOC) who is incarcerated at the Cheyenne Mountain Re-Entry Center in Colorado Springs, Colorado. On June 5, 2006, he submitted *pro se* an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (1994) and a motion and affidavit for leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915 (Supp. 2006), that he erroneously requested be filed in *Martinez v. Kendell*, No. 05-cv-02289-MSK-PAC (D. Colo. filed Nov. 10, 2005), currently pending before this Court.

Pursuant to the May 30, 2006, order of the Honorable Marcia S. Krieger (docket number 39) adopting the May 10, 2006, recommendation of Magistrate Judge Patricia A. Coan (docket number 35), the 28 U.S.C. § 2241 habeas corpus application and the 28 U.S.C. § 1915 *in forma pauperis* motion were filed in the instant action. Mr.

Martinez also has filed an amended application. He asks for money damages as relief.

The Court must construe liberally the amended habeas corpus application because Mr. Martinez is a *pro se* litigant. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court should not act as a *pro se* litigant's advocate. See *Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Martinez will be ordered to file a second amended application pursuant to 28 U.S.C. § 2241.

Mr. Martinez alleges that he was convicted of a sex offense in 1982. He further alleges that in November 2000 the DOC classified him as a sex offender. He asserts two claims. In his first claim, he attacks his sex-offender classification as it relates to the conditions of his confinement. He alleges that because of his sex-offender classification he has been denied privileges and the ability to progress to lower custody levels, including community corrections. He complains that he is unable to participate in any DOC activities or programs or be employed in jobs in which women are present. He also complains that he is unable to visit with family members under age eighteen and that he is not permitted to have reading material showing nudity.

In his second claim, he attacks how his parole has been affected by his sex-offender classification. He asserts that his first two plans to be paroled to South Dakota were denied either for no reason or for reasons related to his sex-offender classification, and that he was forced to be paroled to Pueblo, Colorado, where he knew no one. He argues that he was forced into a sex-offender treatment program causing a violation of his parole. In support of this claim, he contends that because he did not report to Pueblo, his parole was revoked and he was forced to take the sex-

2

offender treatment program. He further alleges that because he was unable to attend parole meetings, report to his parole officer, and receive urine tests at different times and different days of the week, he lost his job. Employment appears to have been a condition of his parole.

The Court finds that Mr. Martinez's first claim attacks the conditions of his confinement. Generally, a prisoner's challenge to his conditions of confinement is cognizable in a civil rights action. **See, e.g., Richards v. Bellmon**, 941 F.2d 1015, 1018 (10th Cir. 1991). Mr. Martinez already is attacking his sex-offender classification in his civil rights action currently pending before the Court, **Martinez v. Kendell**, No. 05-cv-02289-MSK-PAC. He may not raise a civil rights claim for money damages in the instant habeas corpus action.

His second claim attacks his parole and appropriately is asserted in an action pursuant to 28 U.S.C. § 2241 seeking habeas corpus relief. A claim asserted by a state prisoner who is challenging the execution of a sentence, rather than the validity of a conviction and/or sentence, properly is brought under § 2241. **Montez v. McKinna**, 208 F.3d 862, 865 (10th Cir. 2000). Mr. Martinez will be directed to file an amended application pursuant to 28 U.S.C. § 2241 that only asserts claims seeking habeas corpus relief, if he wishes to pursue those claims. Mr. Martinez is reminded that he is required to exhaust state remedies regarding his habeas corpus claims before seeking federal intervention. **See Montez**, 208 F.3d at 866. The exhaustion requirement is satisfied once the federal claim has been presented fairly to the highest state court. **See Castille v. Peoples**, 489 U.S. 346, 351 (1989). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available

3

state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Plaintiff is instructed that civil action number 06-cv-01156-BNB listed at the top of page one of this order must appear on all future papers sent to the Court in this action. Failure to include this number may result in a delay in the consideration of Plaintiff's claims. Accordingly, it is

ORDERED that Mr. Martinez file a second amended habeas corpus application **within thirty (30) days from the date of this order** that complies with the particulars of this order. It is

FURTHER ORDERED that the second amended application shall be titled "Second Amended Habeas Corpus Application" and shall be filed **within thirty (30) days from the date of this order** with the Clerk of the Court for the United States District Court for the District of Colorado at the Alfred A. Arraj U.S. Courthouse, 901 Nineteenth Street, Room A105, Denver, Colorado 80294-3589. It is

FURTHER ORDERED that if Mr. Martinez fails to file a second amended application to the Court's satisfaction **within thirty (30) days from the date of this order**, the amended application shall be denied and the action shall be dismissed without further notice. It is

FURTHER ORDERED that civil action number 06-cv-01156-BNB listed at the top of page one of this order must appear on all future papers sent to the Court in this

action. Failure to include this number may result in a delay in the consideration of Plaintiff's claims.

DATED July 21, 2006, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01156-BNB

Richard Martinez
a/k/a Ralph Martinez
Prisoner No.
El Paso Criminal Justice Ctr.
2739 E. Las Vegas
Colorado Springs, CO 80906

  I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on  7-21-06

           GREGORY C. LANGHAM, CLERK

           By: _____
              Deputy Clerk